IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREGORY ROLAND,

    Plaintiff,

v.                                                      CASE NO. 1:11-cv-35-MP-GRJ

DAVID GLANT,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

In Plaintiff's First Amended Complaint, filed on the Court's Civil Rights Complaint Form, Plaintiff names David Glant, a Circuit Judge for the Eighth Judicial Circuit, as the Defendant. (Doc. 4.) Plaintiff challenges Judge Glant's alleged failure to appoint counsel to represent the Plaintiff in a pending state criminal case after the state public defender notified Plaintiff that the public defender had a conflict of interest.  According to Plaintiff, he was arrested on January 18, 2011 on false charges of tampering with a witness. Id.  Judge Glant appointed a state public defender to represent Plaintiff. However, the public defender notified Plaintiff that it was required to withdraw as counsel because of a conflict.  Plaintiff states that he has been in jail for 49 days without being contacted by another attorney and without having been charged with a crime. Plaintiff contends that Judge Glant could have addressed his case during a court appearance scheduled for March 2, 2011.  Plaintiff contends that Judge Glant's failure to address his case and delay in appointing another lawyer to represent Plaintiff violates his rights under the Fifth, Eighth and Fourteenth Amendments to the United States

Constitution.

It is well settled law that judges are "entitled to absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal citations omitted). While there are a number of reasons Plaintiff's allegations fail to state a claim for a relief, the Court need not address the substance of Plaintiff's claim because it is evident that the conduct about which Plaintiff complains involves the Defendant's actions or inaction as a Circuit Judge during the performance of his judicial duties in a pending criminal proceeding. Thus, absolute judicial immunity applies to all of the Defendant's judicial actions, even if "the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) the Court "shall dismiss the case ... if the court determines that- the action ... seeks monetary relief against a defendant who is immune from such relief." Additionally, the screening procedures required by 28 U.S.C. § 1915A provide that "[O]n review .. the court shall dismiss the complaint, if the complaint [ ] seeks monetary relief from a defendant who is immune from such relief." As such, where as here, suit is brought against a judicial officer who enjoys absolute immunity, the Court is required to dismiss the case and there is no reason to afford the litigant a further opportunity to amend, even though the plaintiff is proceeding *pro se*.[1]

Accordingly, it is respectfully **RECOMMENDED** that this case should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2(B)(ii) because Plaintiff

---

[1] In the Court's February 25, 2011 Order (Doc. 3) the Court already granted Plaintiff an opportunity to amend.

*Case No: 1:11-cv-35-MP-GRJ*

seeks monetary relief against a defendant who is immune from suit.

**IN CHAMBERS**, at Gainesville, Florida, this 30th day of June 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.